IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CV-701-DCK

| | | |
|---|---|---|
| KATRINA R CONWAY, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| THE CHARLOTTE-MECKLENBURG | ) | |
| HOSPITAL AUTHORITY d/b/a ATRIUM | ) | |
| HEALTH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Dismiss Plaintiff's Complaint" (Document No. 6) filed August 19, 2024, and Defendant's "Request For Preliminary Hearing On Motion To Dismiss Complaint" (Document No. 10) filed August 27, 2024. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and immediate review is appropriate. Having carefully considered the motions and the record, the undersigned will <u>grant</u> "Defendant's Motion To Dismiss…" (Document No. 6) and <u>deny</u> Defendant's "Request For Preliminary Hearing…" (Document No. 10) as moot.

## I. BACKGROUND

Plaintiff Katrina R. Conway ("Plaintiff" or "Conway"), appearing without counsel, initiated this action with the filing of a "Complaint" (Document No. 1-2) in the General Court of Justice, Superior Court Division, for Mecklenburg County, North Carolina, on March 28, 2024. Defendant Atrium Health ("Defendant" or "Atrium") filed a "Notice Of Removal" (Document No. 1) in this Court on July 30, 2024, asserting federal question jurisdiction under 28 U.S.C. § 1331.

Plaintiff's Complaint asserts termination "while covered under The Americans [With] Disabilities Act of 1990 as amended [("ADA"] [with] Title VII of the Civil Rights Act of 1964 as amended [("Title VII")]…not long after [her] complaints that [she] had submitted to Atrium Health—HR."  (Document No. 1-2, p. 2).  The Complaint indicates that both Plaintiff and Defendant are citizens and residents of Mecklenburg County, North Carolina, and requests $999,999.00 in damages.  Id. at pp. 2–3.  The Complaint contains no other factual allegations in relation to Plaintiff's claim for relief.

On August 19, 2024, Defendant filed "Defendant's Motion To Dismiss Plaintiff's Complaint" (Document No. 6) and "Defendant's Memorandum Of Law In Support Of Its Motion To Dismiss Plaintiff's Complaint" (Document No. 7).

On August 20, 2024, the Honorable Frank D. Whitney issued an "Order And Notice" (Document No. 8) in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), directing Plaintiff to file a response to "Defendant's Motion To Dismiss Plaintiff's Complaint" (Document No. 6) and informing Plaintiff that "[f]ailure to respond may result in…dismissal of the Complaint."  (Document No. 8).

On August 27, 2024, Defendant filed "Defendant's Answer To Plaintiff's Complaint" (Document No. 9) and a "Request For Preliminary Hearing On Motion To Dismiss Complaint" (Document No. 10).

On October 10, 2024, the parties filed a "Certification And Report Of F.R.C.P. 26(f) Conference And Proposed Discovery Plan" (Document No. 11) and "Joint Stipulation Of Consent To Exercise Jurisdiction By A United States Magistrate Judge" (Document No. 12).

On October 18, 2024, the undersigned issued an Order (Document No. 13) in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), again directing Plaintiff to file a response

to "Defendant's Motion To Dismiss Plaintiff's Complaint" (Document No. 6) and informing Plaintiff that "[f]ailure to file a timely and persuasive response, or an Amended Complaint, will likely…lead to the dismissal of this lawsuit." (Document No. 13).

Plaintiff declined to file an Amended Complaint or a response in opposition to Defendant's pending Motion To Dismiss (Document No. 6), and the time to do so has now lapsed. See (Document No. 13).

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a

> defendant's motion to dismiss, a judge must accept as true all of the
> factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

Where a complaint is filed by a *pro se* Plaintiff, courts have determined that the complaint should be liberally construed and "must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Indeed, "the Fourth Circuit requires district courts to construe *pro se* complaints liberally to ensure that valid claims do not fail for lack of legal specificity." Morrison v. Res. Mgmt. Concepts, Inc., 3:16-CV-651-GCM, 2017 WL 1095067, at *2 (W.D.N.C. Mar. 21, 2017) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)). However, this does not mean that district courts should "assume the role of advocate for the *pro se* plaintiff." Gordon, 574 F.2d at 1151. When a complaint clearly fails to express sufficient facts to support the alleged claim under federal law, courts are not required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." Weller v. Dep't of Soc. Servs. for City of Baltimore, 901 F.2d 387, 391 (4th Cir. 1990). "Like plaintiffs who are represented by counsel, a *pro se* plaintiff must still 'allege facts sufficient to state all the elements of [the] claim.'" Morrison, 2017 WL 1095067 at *2 (quoting Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003)).

## III. DISCUSSION

Defendant asserts that "Plaintiff's complaint fails to meet basic pleading standards and does not allege any violations of law; therefore, it must be dismissed." (Document No. 7, p. 1). Defendant asserts that "[f]ollowing venue and jurisdiction allegations, the Complaint contains only one sentence fragment, which fails to state a claim on which relief can be granted." Id.

Defendant asserts "Plaintiff merely alleges she was "'[t]erminated while covered under' the ADA and Title VII 'not long after [her] complaints that [she] had submitted to Atrium Health—HR.'" Id. at p. 3. Defendant argues "[t]he termination of an employee covered under the ADA and Title VII is not inherently unlawful, and Plaintiff does not and cannot cite any authority to the contrary." Id. Defendant further argues Plaintiff's "mention of 'not long after [her] complaints' does not explain what complaints were made, or when, or specifically to whom—nor does the Complaint articulate in what way any alleged complaints are relevant to a claim." Id. Defendant contends "[t]he Complaint fails to allege any acts taken by Defendant that would, even if properly pled, amount to a violation of any law." Id.

Defendant also argues that "[a]lthough required for both ADA and Title VII lawsuits, the Complaint is devoid of any mention of administrative remedies." Id. at p. 4. Thus, Defendant contends, "[e]ven if Plaintiff had put Defendant on proper notice of allegations of violations of either the ADA or Title VII, which she did not, her claims would fail because she failed to plead that she exhausted the requisite administrative remedies." Id.

As noted above, Plaintiff declined to file either an Amended Complaint or a response in opposition to Defendant's Motion To Dismiss.

The undersigned agrees with Defendants and finds that Plaintiff's Complaint, even construed liberally, does not contain factual allegations sufficient to plausibly state a claim for

relief.  Indeed, Plaintiff's brief Complaint contains hardly any factual allegations at all.  As Defendant contends, Plaintiff's Complaint neglects to include, *inter alia*, any allegations of the requisite exhaustion of administrative remedies for violations of either the ADA or Title VII.

**IT IS, THEREFORE, ORDERED** that "Defendant's Motion To Dismiss Plaintiff's Complaint" (Document No. 6) is **GRANTED**.  Plaintiff's claims are **DISMISSED**.  The Clerk is respectfully directed to close this matter in accordance with this Order.

**IT IS FURTHER ORDERED** that Defendant's "Request For Preliminary Hearing On Motion To Dismiss Complaint" (Document No. 10) is **DENIED AS MOOT**.

**SO ORDERED**.

Signed: January 14, 2025

David C. Keesler
United States Magistrate Judge